# OFFICIAL SYLLABI
## Ohio Appeals

## CLEVELAND v. THORNTON et.

Ohio Appeals, 7th Dist., Ashtabula Co.

F. C. Bosworth and Lody Huml, Cleveland, and B. F. Perry, Jefferson, for plaintiff in error.

Bulkley, Hauxhurst, Jamison & Sharp, Cleveland, for St. Paul's Episcopal Church et.

R. E. Mygatt, Conneaut, for Conneaut Mutual Loan & Tr. Co.

Kingdom & Kingdom, Conneaut, for defendant in error, Thornton.

362a. DECEDENTS' ESTATES—1271. Wills and Legacies—997. Real Estate.

1. Law favors vesting of estates.

2. Provisions, in clause of will, that "nothing herein shall be construed as giving my said children * * * any estate less than an absolute fee-simple estate" held to govern.

3. No specific rule for construction of will. Intention of testator is to be determined.

FARR, J.

1. The law favors the vesting of estates.

2. Provisions of will, devising certain realty to testator's four children and their heirs equally, that shares of any children, dying before testator, shall vest in survivors, and that they could not mortgage or dispose of property except by their concurrent act, held not to limit or cut down fee vested in them to life estate, with remainder over to survivors, in view of provision that "nothing herein shall be construed as giving my said children * * * any estate less than an absolute free-simple estate."

3. There is no specific rule for the construction of wills.

4. In the construction of wills, the intention of the testator is to be determined.
(Pollock and Roberts, JJ., concur.)

For reference to this full opinion, see Omnibus Index, last page, this issue.

## RUSS v. WILSON, Exr.

Ohio Appeals, 1st Dist., Clermont Co.

Decided Apr. 15, 1927.

H. D. Gatch and Murphy, Joseph & Murphy, Cincinnati, for Russ.

Stephenson & Stephenson, Cincinnati, and C. B. Nichols, Batavia, for Wilson.

27. ACTIONS — 923. Pleadings — 485. Executors and Administrators—681. Jurisdiction.

1. Causes of action, by executor, for money, checks, certificates of deposit, building and loan pass book, and other evidences of property alleged to have been taken from residence of deceased, held properly joined.

2. Question of misjoinder of causes of action must be raised by demurrer or by answer, otherwise objection is waived.

3. Trial court held to have jurisdiction to determine ownership of property claimed as gift causa mortis, although executor was, by agreement, in possession of property involved.

HAMILTON, PJ.

1. Causes of action by executor for money, checks, certificates of deposit, building and loan pass book, and other evidences of property which the executor alleged defendant had taken from residence of deceased, held properly joined, under Sect. 11306 GC., providing that actions connected with same subject might be joined, and Sect. 10857; providing that an executor might maintain an action asking the direction or judgment of the Court of Common Pleas in any matter respecting the property to be administered.

2. Under Sect. 11311 GC., question of misjoinder of causes of action must be raised by demurrer or by answer, and, if the question is not raised in either way, the objection is waived.

3. In direct and separate proceeding by executor against person claiming to own certain property as gift causa mortis from deceased, trial court held to have jurisdiction to determine ownership, although executor was, by agreeemnt, in possession of the property involved.
(Cushing & Buchwalter, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

(Continued from Page 340)

different kinds of material, started for Mentor, Ohio, for the purpose of rebuilding or replacing a depot which had burned down. They intended to move a shed across the track to serve temporarily as a station. These employes loaded the gasoline car with tools, such as bars, jacks, wrenches, ropes, rollers, etc. The rollers were pieces of iron pipe from 18 to 24 inches in length. The gasoline car was operated by a foreman. After it had proceeded some ten miles on its journey the car was derailed by reason of one or more of these rollers falling from the front end of the car. The defendant in error was injured by such derailment.

On each side of the gasoline car there was a trough in which the tools and articles above described were placed by the different members of the crew and over which the different members of the crew sat. It further appears from the record that it was the duty of the men sitting in this position to take charge of the said tools under them and see that they did not fall from the car. It also appears that the defendant in error was sitting at the rear of